# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr44 |
| | § | (Judge Schell) |
| TOBIAS TERRELL SEASTRONG | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 20, 2011, to determine whether Defendant violated his supervised release. Defendant was represented by James Whalen. The Government was represented by Steven Buys.

On November 29, 2006, Defendant was sentenced by the Honorable Richard A. Schell for the offense of Possession of a Firearm in Furtherance of a Drug Traffficking Crime. Defendant was sentenced to sixty (60) months' imprisonment followed by a term of supervised release of four (4) years. On September 24, 2010, Defendant completed his period of imprisonment and began his supervised release term.

On June 15, 2011, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) the Defendant shall not commit another federal, state, or local crime; and (2) the defendant shall not unlawfully possess a controlled substance. The petition also alleged violations of the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (2) the

defendant shall not leave the judicial district without permission of the Court or probation officer; (3) the defendant shall notify the probation officer ten days prior to any change in residence or employment; and (4) the defendant shall not associate with persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

Defendant entered a plea of "not true." The Government offered into evidence the testimony of Officer Trent Jones and U.S. Probation Officer Stacey Armstrong. Defendant did not offer any evidence. The testimony of the witnesses established by a preponderance of the evidence that Defendant violated all allegations contained in the petition.

The Court finds the guideline range in this case is imprisonment for thirty to thirty-seven months. The probation officer recommended thirty months of imprisonment with no supervised release to follow.

## RECOMMENDATION

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months with no supervised release to follow.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 22nd day of July, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE